UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TANNER,

Plaintiff,

v.

DONAGHY SALES LLC,

Defendant.

Case No. 2:26-cv-2482-DC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Robert Tanner brings this action against Donaghy Sales LLC, seeking relief from a state court order that compelled arbitration between the parties. Plaintiff has not articulated a cognizable claim that gives rises to this court's jurisdiction. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which make the required showing. Finally, I will recommend that plaintiff's motion for injunctive relief, ECF No. 3, be denied.

**Screening Order**

**A. Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B. Analysis**

Plaintiff alleges that during his employment with defendant, he was subjected to "workplace sexual harassment, including the malicious spreading of false rumors regarding plaintiff's sexual orientation to create a hostile work environment." ECF No. 1 at 2. Plaintiff alleges that instead of investigating this harassment, defendant terminated his employment. *Id.* Sometime thereafter, the parties were involved in a state court proceeding related to this alleged harassment.[1] *See id.* Plaintiff alleges that after defendant moved to compel arbitration, the state

[1] Plaintiff does not specify where this action was filed, which party initiated it, or whether it remains ongoing.

court "ordered the matter to JAMs," which is an alternative dispute resolution services provider. *See id*. Plaintiff alleges that he appealed the state court's order, and that on July 13, 2026, the California Court of Appeal "dismissed the appeal solely on procedural grounds." *Id*. Plaintiff further alleges that the state court did not adjudicate the claim he brings here, which is for violation of the Ending Forced Arbitration Act, 9 U.S.C. §§ 401-02. *See id*. at 1, 3.

The complaint does not give rise to this court's jurisdiction. As noted, plaintiff alleges that the state court has compelled arbitration, and plaintiff asks this court for injunctive relief enjoining such arbitration. *See id*. at 2-3. However, "[u]nder *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). As the Court of Appeals explained:

> In its routine application, the *Rooker–Feldman* doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.

*Id*. at 1155. While *Rooker-Feldman* only applies where state proceedings have concluded, "[p]roceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level." *Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005), *abrogated on other grounds by T. M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739 (2026).

Plaintiff alleges that the state court has compelled arbitration of his harassment claim against defendant, and that the California Court of Appeal has dismissed his appeal. *See* ECF No. 1 at 2. Consequently, it appears that the state court has resolved the issue such that *Rooker-Feldman* strips this court of jurisdiction to hear plaintiff's claim.

Accordingly, the complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claim should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

**Motion for Injunctive Relief**

Plaintiff has filed a motion that asks the court to grant him a temporary restraining order, seeking the same relief requested in the complaint. ECF No. 3. But because it appears that this court does not have jurisdiction to hear his claim, plaintiff has not demonstrated a likelihood of success on the merits. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Accordingly, I recommend that plaintiff's motion for injunctive relief be denied.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Further, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 3, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE