UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TANNER,<br>Plaintiff,<br>v.<br>DONAGHY SALES LLC,<br>Defendant. | Case No. 2:26-cv-2482-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against Donaghy Sales LLC, seeking relief from a state court order that compelled arbitration. Pending before the court are defendant's two motions to dismiss. For the reasons stated below, the undersigned recommends that the motions be denied and that plaintiff's first amended complaint be dismissed without leave to amend.

**Procedural History**

Plaintiff initiated this action on July 16, 2026, with the filing of a complaint and a motion for a temporary restraining order. ECF Nos. 1 & 3. District Judge Coggins referred the motion for a temporary restraining order to the undersigned. ECF No. 4. On July 27, 2026, the undersigned dismissed plaintiff's complaint for lack of jurisdiction and recommended that the motion for a temporary restraining be denied. ECF No. 6. Plaintiff was given leave to amend. *Id.*

Three days later, on July 30, 2026, defendant filed a motion to dismiss before Judge

Coggins. ECF No. 8. In the motion, defendant states, "[o]n July 16, 2026, Judge Coggins issued a Minute Order referring this matter to Magistrate Judge Jeremy Peterson. Under 28 USC 636 (b)(1)(A), a Magistrate Judge cannot hear matters relating to a motion for injunctive relief. As such, Defendant believes this matter must be heard by Judge Coggins." ECF No. 8 at 4. The same day, Judge Coggins issued an order explaining that "[t]he Motion, as filed, is defective," and directed defendant to "comply with Local Rules 302(c)(21) and 230(a) and re-notice the Motion before the assigned Magistrate Judge." ECF No. 9.

On July 31, 2026, plaintiff filed his first amended complaint, ECF No. 11, and defendant filed another motion to dismiss on August 6, 2026, ECF No. 12.[1] Defendant improperly calendared the motion to dismiss, which the undersigned reset. ECF No. 13.

On July 17, 2026, Judge Coggins adopted the July 27, 2026 findings and recommendations in full and referred that matter back to the undersigned for all further pretrial matters. ECF No. 18.

**Discussion**

As an initial matter, it is appropriate to address the perceived misunderstanding of 28 U.S.C. § 636. Magistrate judges have limited authority under this statute. *See Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Specifically, a district judge may refer nondispositive pretrial matters to a magistrate judge for decision, 28 U.S.C. § 636(b)(1)(A), and may also authorize a magistrate judge to prepare findings and recommendations on dispositive matters, 28 U.S.C. § 636(b)(1)(B); *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). Under 28 U.S.C. § 636(b)(1)(C), the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."

Moreover, in this district, Local Rule 302(c)(21) provides that Sacramento magistrate judges are to handle "all actions in which all the plaintiffs or defendants are proceeding in propria persona, including dispositive and non-dispositive motions and matters."

[1] Defendant failed to withdraw its previously filed motion to dismiss. ECF No. 8. Accordingly, that motion should be denied as moot in light of the renewed motion to dismiss. *See* ECF No. 12.

Judge Coggins referred plaintiff's motion for a temporary restraining order to the undersigned for issuance of findings and recommendations, ECF No. 4, the undersigned prepared findings and recommendations, ECF No. 6, and Judge Coggins adopted the findings and recommendations in full, ECF No. 18. This procedure complies with the applicable law and rules.

**A. Motion to Dismiss**

Defendant brings a motion to dismiss the first amended complaint. ECF No. 12. It argues that plaintiff did not properly serve defendant, this court lacks jurisdiction, and plaintiff cannot be granted the relief he seeks because it would enjoin a state court proceeding.

Defendant's motion must be denied as premature. Plaintiff is proceeding *in forma pauperis*, which means that the court must screen the complaint and dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). On July 27, 2026, the court screened plaintiff's initial complaint and found it failed to state claim and provided plaintiff with leave to amend. ECF No. 6. Because the court has not screened plaintiff's first amended complaint, defendant's motion is premature. *See Gibbons v. Arpaio*, 2007 WL 2990151, *2 (D. Az. Oct. 11, 2007) (dismissing as premature a motion to dismiss that was filed before screening order issued). What is more, the Clerk of Court will not issue summons in an action where a plaintiff is proceeding *in forma pauperis* until the court has found that the complaint has stated a claim. Therefore, defendant's argument about ineffective service is misplaced because the summons has yet to be issued.

**B. Screening Order**

**a. Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B. Analysis**

Plaintiff alleges that while defendant employed him, he experienced "severe and pervasive workplace sexual harassment," specifically in the form of "the malicious spreading of false rumors regarding plaintiff's sexual orientation." ECF No. 11 at 3. Plaintiff states that he reported this behavior to his manager, but the manager failed to conduct a proper investigation in violation of California Government Claims Code 12940. *Id.* Instead, plaintiff alleges that defendant terminated his employment in retaliation for reporting the sexual harassment. *Id.* Following his termination, a state court proceeding was initiated (presumably by plaintiff) where defendant moved to compel the parties to arbitration. *Id.* at 3-4. Plaintiff appealed the state court order requiring arbitration, but the California Appellate Court denied plaintiff's appeal. *Id.* at 4.

Plaintiff also alleges that "new, independent legal controversy materialized on July 27,

2026." *Id.* He alleges that the arbitrator over the state law action disclosed that he is serving as the arbitrator in another action that is managed by defendant's lead counsel, and which is a "lucrative financial appointment."[2] *Id.*

Plaintiff alleges that the claims in this action—for violation of the Ending Forced Arbitration Act ("EEFA"), 9 U.S.C. §§ 401-402—are independent and distinct from the claims alleged in the state court action.[3] *Id.* He also alleges that the EFFA "completely nullifies predispute arbitration clauses in cases involving sexual harassment." *Id.* Plaintiff specifically seeks declaratory relief under the EFAA and also seeks a "judicial declaration that the arbitration clause is unenforceable under federal law." *Id.* at 5.

As the undersigned previously found, the complaint does not give rise to this court's jurisdiction. "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). As the Court of Appeals explained:

> In its routine application, the *Rooker-Feldman* doctrine is exceedingly easy. A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.

*Id*. at 1155. While *Rooker-Feldman* only applies where state proceedings have concluded, "[p]roceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain

[2] The court will not consider this allegation as the incident occurred after plaintiff initiated this lawsuit.

[3] "The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 amended the FAA to give plaintiffs alleging sexual harassment or sexual assault the ability to opt their case out of a pre-dispute agreement to arbitrate. 9 U.S.C. §§ 401-402. The EFAA defines a sexual harassment dispute to 'mean[ ] a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law.' 9 U.S.C. § 401." *Van De Hey v. EPAM Sys. Inc.*, No. 24-cv-8800-RFL, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025).

pending at the state level." *Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 604 n.1 (9th Cir. 2005), *abrogated on other grounds by T. M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739 (2026).

Plaintiff alleges that the state court has compelled arbitration of his harassment claim against defendant, and that the California Court of Appeal has dismissed his appeal. Thus, the state court has resolved the issue such that *Rooker-Feldman* strips this court of jurisdiction to hear plaintiff's claim.[4]

---

[4] Even if *Rooker-Feldman* did not bar plaintiff's claims, his request to stop arbitration in the state court would likely fail. The Court of Appeals issued an instructive decision on waiver with respect to the EFAA. *Ding v. Structure Therapeutics, Inc., NASDAQ*, No. 25-1532, ––– F.4th –––, 2026 WL 2420555 (9th Cir. Aug. 19, 2026). In *Ding*, the plaintiff initiated an arbitration action against her former employer, asserting claims of "discrimination, retaliation, and harassment based on her national origin and status as a victim of domestic violence." *Id.* at *3. The parties litigated the dispute in arbitration for over a year, during which time the plaintiff learned through discovery that "the harassment she experienced at work was based on her sex and sexism." *Id.* at *4. The plaintiff then withdrew from the arbitration and initiated a lawsuit in a California state court, "asserting a sex discrimination claim and a sex-based hostile work environment claim" under California law, and "a discrimination claim based on her status as a domestic violence victim." *Id.* at *3. The defendants removed the case to federal court. *Id.* The district court denied the defendants' motion to compel arbitration in part because the plaintiff plausibly alleged a claim for sexual harassment based on the new information she gleaned through discovery in the arbitration. *Id.* at *4.

The court found that the plaintiff had not waived her rights under the EFFA by initially proceeding in arbitration despite earlier knowledge of certain facts giving rise to a sexual harassment claim. *Id.* at *4-5. However, the court found that the plaintiff's circumstances were different to those of a plaintiff who may have waived their election to proceed under the EFAA:

> Our conclusion does not mean that a plaintiff may start in arbitration, bring a sexual harassment claim at any time, under any circumstances, and then pursue her claims in court. A plaintiff may waive her EFAA rights under ordinary waiver principles. *See Bobka v. Toyota Motor Credit Corp.*, 968 F.3d 946, 954 (9th Cir. 2020) ("Absent some affirmative indication of Congress' intent to preclude waiver, statutory provisions are subject to waiver by voluntary agreement of the parties." (cleaned up)). "The Supreme Court has defined waiver as the 'intentional relinquishment or abandonment of a *known* right.'" *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1278-79 (9th Cir. 2006) (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (emphasis added). Thus, a court may find waiver where a plaintiff is aware of the facts giving rise to a sexual harassment claim and either unduly delays in bringing such a claim through intentional acts or decides to pursue that claim in arbitration rather than court. *Cf. Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1440 (9th Cir. 1994) (finding waiver of objection to the arbitrator's authority where

Accordingly, the first amended complaint must be dismissed. Plaintiff has already been afforded an opportunity to amend with notice of the above-discussed pleading deficiencies. Because he has failed to correct any such deficiency, dismissal with prejudice is appropriate. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("The district court's decision to dismiss the second amended complaint with prejudice was appropriate in light of [the] plaintiffs' repeated failure to cure the deficiencies in their pleadings.") (cleaned up).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motions to dismiss, ECF Nos. 8 & 12, be DENIED.

2. Plaintiff's first amended complaint, ECF No. 11, be DISMISSED without leave to amend for lack of jurisdiction.

3. The Clerk of Court be directed to close this action and enter judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

> plaintiff "initiated the arbitration, attended the hearings with representation, presented evidence, and submitted a closing brief of fifty pages").

*Id.* at *5.

Here, plaintiff filed an action in state court in 2024 alleging that defendant engaged in spreading false rumors about his sexual orientation. *See* ECF No. 12-2 at 6-7, 23. Therefore, unlike the plaintiff in *Ding*, plaintiff was aware that his claim addressed this alleged sexual harassment and plaintiff only two years later decided to pursue his claim in this court. Therefore, it likely that plaintiff waived his rights under the EFFA by initially proceeding in arbitration despite facts that gave rise to his sexual harassment claim.

IT IS SO ORDERED.

Dated: September 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE